United States District Court
Southern District of Texas
**ENTERED**
July 12, 2016
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FERNANDO TOVAR-ESPINOSA, | § | |
| Movant, | § | |
| | § | |
| | § | |
| v. | § | Case No. 1:16-cv-00117 |
| | § | (Criminal No. B-13-457-1) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Fernando Tovar-Espinosa's pro se "Memorandum of Law Pursuant to 28 U.S.C. § 2255(F)(3) and Motion For Appointment of Counsel Pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015)" (hereinafter, "Tovar-Espinosa's Motion" or "§ 2255 Motion").  Dkt. No. 1.  For the reasons provided below, Tovar-Espinosa's § 2255 Motion lacks merit.  Therefore, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, it is recommended that Tovar-Espinosa's § 2255 Motion be summarily dismissed with prejudice.  Additionally, it is recommended that the Court decline to issue a certificate of appealability.

## I.  Jurisdiction

This Court has jurisdiction over Tovar-Espinosa's § 2255 Motion pursuant to 28 U.S.C. § 1331 and § 2255.

## II.  Procedural History

On March 4, 2014, Tovar-Espinosa pleaded guilty to being an alien unlawfully found in the United States after deportation, having previously been convicted of a felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(1).  *See United States of America v. Fernando Tovar-Espinosa*, No. 1:13-cr-00457-1, Dkt. No. 39 at 1.[1]  On September 11, 2014, United States District Judge Hilda Tagle sentenced Tovar-Espinosa to 60 months of imprisonment.  CR Dkt. Minute Entry on September 11, 2014.  Judgment was entered on September 29, 2014.  CR Dkt. No. 39 at 1.  Tovar-Espinosa filed a direct appeal, which was denied by the Fifth Circuit through a per curiam opinion on June 16, 2015.  *See* CR Dkt. No. 48.

Tovar-Espinosa filed his instant, timely § 2255 Motion on June 2, 2016.  Dkt. No. 1.  In his § 2255 Motion, Tovar-Espinosa claims that he is entitled to relief pursuant to *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551 (2015).  Dkt. No. 1 at 1.  For the reasons provided below, Tovar-Espinosa's arguments are misplaced, and his § 2255 Motion should be dismissed with prejudice.

## III.  Legal Standards

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to

---

[1]  Hereinafter, Tovar-Espinosa's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.

impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

## IV. Discussion

Tovar-Espinosa claims that he is entitled to § 2255 relief pursuant to the new rule of law announced in *Johnson v. United States*, ____ U.S. ____, 135 S. Ct. 2551 (2015). Dkt. No. 1 at 4, 11, 12-29. In *Johnson*, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), to Samuel James Johnson's sentence. *Johnson*, 135 S. Ct. 2551, 2555. The ACCA requires federal courts to impose a minimum fifteen-year term of imprisonment upon repeat offenders who are convicted of unlawfully possessing a firearm under 18 U.S.C. § 992(g). 18 U.S.C. § 924(e). In relevant part, the ACCA provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years[.]

18 U.S.C. § 924(e)(1).

The ACCA provides six definitions for the term "violent felony."  18 U.S.C. § 924(e)(2)(B)(i)-(ii).  A violent felony is any crime that: (1) "has as an element the use, attempted use, or threatened use of physical force against another person;" (2) constitutes burglary; (3) constitutes arson; (4) constitutes extortion; (5) involves the use of explosives; or (6) "otherwise involves conduct that presents a serious potential risk of physical injury to another."  *Id.*  "Courts have coined the first definition the 'force clause'; and the sixth definition, the 'residual clause.'"  *United States v. Curry*, No. CR 10-111, 2015 WL 8478192, at *1 (E.D. La. Dec. 10, 2015) (citing *United States v. Davis*, 487 F.3d 282, 285 (5th Cir. 2007)).

The Supreme Court in *Johnson* held that imposing an increased sentence under the residual clause of the ACCA is a violation of due process because the clause is unconstitutionally vague.  *Johnson*, 135 S. Ct. 2551, 2557 ("[T]he residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges.  Increasing a defendant's sentence under the clause denies due process of law.").  The Supreme Court did not reach the issue of whether its ruling would apply retroactively.  *Id.* at 2551; *see also Santiago Valdez v. United States*, No. 4:11-CR-065-A, 2015 WL 9593627, at *1 (N.D. Tex. Dec. 31, 2015) (recognizing that the Supreme Court in *Johnson* did not address retroactivity).  However, on April 18, 2016, in *Welch v. United States*, the Supreme Court held that the rule in *Johnson* is retroactively applicable.  *Welch v. United States*, ___ U.S. ___ 136 S. Ct. 1257, 1268 (2016).

Unfortunately for Tovar-Espinosa, *Welch* and *Johnson* do not apply to his case.  As noted above, the Supreme Court in *Johnson* reviewed the lower court's

application of § 924(e) to Johnson's sentence. *Johnson*, 135 S. Ct. 2551, 2555.  In Tovar-Espinosa's case, the Court did not sentence him pursuant to § 924(e).  In fact, in sentencing him for violating 8 U.S.C. §§ 1326(a) and 1326(b)(1), the Court did not apply any enhancement for the use or possession of a firearm.  *See* CR Dkt. No. 23 (Final Presentence Investigation Report); CR Dkt. No. 40 at 1 (Statement of Reasons, adopting the Final Presentence Investigation Report "without change"); CR Dkt. No. 25 (Judgment).  Instead, Tovar-Espinosa's sentence was enhanced under the United States Sentencing Guidelines § 2L1.2(b)(1)(A)(ii) crime of violence provision. *See* CR Dkt. No. 23 at 4; U.S.S.G. § 2L1.2(b)(1)(A)(ii). A crime of violence is defined, in part, as "any. . .  offenses under federal, state, or local law: . . . burglary of a dwelling[.]" U.S.S.G. § 2L1.2(b)(1)(A)(ii) Application Note (B). Tovar-Espinosa was convicted of a burglary of a dwelling in Harris County, Texas, in 2003. *See* CR Dkt. No. 23 at 4. Thus, regardless of its retroactive application, the rule in *Johnson* does not provide Tovar-Espinosa with a right to § 2255 relief.

Tovar-Espinosa could be making the related argument that he is entitled to § 2255 relief because § 2L1.2(b)(1)(A)(ii) is also unconstitutionally vague under the rationale of *Johnson*.  Dkt. No. 1 at 11, 13-14, 23-24, 28.   Here again, Tovar-Espinosa is mistaken. Tovar-Espinosa's Final Presentence Investigation Report ("PSR") gave him a total offense level of 21 and a criminal history category of V, and stated that the advisory guideline "range for imprisonment" was 70 to 87 months. CR Dkt. No. 23 at 13.   In calculating his base offense level and special offense characteristics, the PSR applied U.S.S.G § 2L1.2(a) and § 2L1.2(b)(1)(A)(ii).  *Id*. at 4. The Court adopted the PSR without change and imposed a 60-month sentence of

imprisonment.  CR Dkt. No. 39 at 2; CR Dkt. No. 40 at 1.  Sections 2L1.2(a) or 2L1.2(b)(1)(A)(ii) of the U.S.S.G. do not contain, or incorporate, any clauses resembling the clauses recently found unconstitutional in *Johnson,* or more recently, in *United States v. Gonzalez-Longoria.*[2]  *See* U.S.S.G. § 2L1.2(a), § 2L1.2(b)(1)(A)(ii).

Tovar-Espinosa's arguments and reliance on *Johnson* and its progeny are therefore misplaced.  As he raises no other grounds for relief, his § 2255 Motion should be dismissed with prejudice for lack of merit.

## V.  Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted).  Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484.  Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether

---

[2]  813 F.3d 225 (5th Cir. 2016), *reh'g en banc ordered*, 815 F.3d 189 (discussing the application of U.S.S.G. § 2L1.2(b)(1)(C), 8 U.S.C. § 1101(a)(43), and 18 U.S.C. § 16, and finding 18 U.S.C. § 16 to be unconstitutionally vague).

the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Tovar-Espinosa has not made a substantial showing of the denial of a constitutional right.

## VI. Recommendation

It is recommended that Tovar-Espinosa's § 2255 Motion be summarily dismissed with prejudice pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

## VII. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 8th day of July, 2016.

Ignacio Torteya, III
United States Magistrate Judge